UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANISE OLLIE,

    Plaintiff,

v.

AMERICAN EDUCATION SERVICES,

    Defendant.
_____/

Case No. 19-cv-12176
Hon. Matthew F. Leitman

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY PROCEEDINGS (ECF No. 16)

In this action, Plaintiff Shanise Ollie alleges that Defendant American Education Services ("AES") violated the Telephone Consumer Protection Act (the "TCPA") when AES made calls to her cellular phone using an automatic dialing system and/or using pre-recorded messages. (*See* Compl. ECF No. 1.) The parties are now near the end of the discovery period. Fact discovery is set to close on August 13, 2020, and expert discovery is scheduled to conclude the next day, August 14, 2020. (*See* Scheduling Order, ECF No. 13; Stipulated Order Extending Fact Discovery, ECF No. 15.)

On May 29, 2020, AES filed a motion to stay this action. (*See* Mot., ECF No. 16.) According to AES, "[a] significant issue in this lawsuit is whether AES's telephone system is an [automated dialing system] under the [TCPA]." (*Id.*,

1

PageID.79.) And AES says that that precise issue is currently before the United States Court of Appeals for the Sixth Circuit in *Susan Allen et al. v. PA Higher Educ. Assistance Agency*, 6th Cir. Case No. 19-02043. In addition, AES asserts that another important issue in this case is whether the TCPA's prohibition on calls to cellular phones is unconstitutional, and AES says that the United States Supreme Court has granted certiorari on that question in *Am. Ass'n of Political Consultants, Inc. v. FCC*. (*See id.* at 80.) AES maintains that because those decisions are likely to resolve two important issues in this case, the Court should stay this proceeding until those rulings are issued. Ollie opposes a stay. (*See* Ollie Resp., ECF No. 17.) Ollie argues that a stay would cause unnecessary delay and risk causing her unfair prejudice. (*See id.*)

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A district court therefore has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, the Court concludes that the proper balance of this "broad discretion" is to stay this action but only *after* the parties complete discovery. Staying the case at that point would both (1) mitigate any potential prejudice to Ollie by allowing her to

gather and preserve evidence in support of her claims and (2) promote judicial efficiency by allowing the Sixth Circuit and Supreme Court to add clarity to one or more of the potentially-dispositive legal issues now before the Court.

Accordingly, for the reasons stated above, AES's motion for a stay of proceedings (ECF No. 16) is **GRANTED IN PART AND DENIED IN PART**. The parties shall complete all discovery pursuant to the current discovery schedule. This action is **STAYED** as of **August 14, 2020**, and the parties shall take no further action as of that date. The parties shall promptly notify the Court once the appeals in *Allen* and *Am. Ass'n of Political Consultants* are decided. The Court will thereafter schedule a telephonic status conference in order to discuss lifting the stay, setting a new dispositive motion cutoff, and taking other action.

**IT IS SO ORDERED**.

Dated: June 24, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 24, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764